UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOUA SONG o/b/o Paul Doua Her,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | Case No.  1:21-cv-00013-BAM<br><br>**ORDER REGARDING SUPPLEMENTAL BRIEFING**<br><br>(Docs. 1, 2) |

On January 4, 2021, Khoua Song, through counsel and purportedly on behalf of Paul Doua Her, filed the instant action seeking review of a decision of the Commissioner of Social Security denying an application for Social Security Disability Insurance and Supplement Security Income.  (Doc. 1)  Concurrent with the complaint, Khoua Song submitted an application for Paul Doua Her to proceed in forma pauperis in the instant action.  (Doc. 2.)  Although the application purports to be a declaration by Paul Doua Her, it is signed by Khoua Song.  (*Id.*)  According to a document attached to the application, which appears to be an Authorization for Release of Information directed to the U.S. Department of Treasury, Khoua Song is reportedly the spouse of Paul Doua Her.  (*Id.* at 3.)

The Court has received and reviewed the complaint and corresponding application to proceed in forma pauperis submitted by Khoua Song.  Absent from those documents is

1

authorization or citation of authority allowing for Khoua Song to proceed or to submit an in forma pauperis application on behalf of Paul Doua Her.

Federal Rule of Civil Procedure 17 designates generally that an action must be prosecuted in the name of the real party in interest.  Fed. R. Civ. P. 17(a)(1).  Rule 17 also provides that the following may sue in their own names without joining the person for whose benefit the action is sought:  an executor; an administrator; a guardian; a bailee; a trustee of an express trust; a party with whom or in whose name a contract has been made for another's benefit; and a party authorized by statute.  *Id.*  There is no indication in the complaint or application that Khoua Song falls within one of these specific instances.

Additionally, Rule 17 anticipates that certain representatives may sue on behalf of a minor or incompetent person.  However, Local Rule 202 requires that upon commencement of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.  L. R. 202(a).  There has been no indication in this case as to the applicability of Local Rule 202 or, if it is applicable, any showing consistent with the requirements of Local Rule 202.

Finally, as to the request to proceed in forma pauperis, Local Rule 131 requires documents such as affidavits and certifications to be signed by the person executing the document.  L.R. 131(b).

Based on the foregoing, IT IS HEREBY ORDERED that within **twenty-one (21) days** of the date of this order, Plaintiff shall submit a supplemental brief or other appropriate papers to demonstrate the appropriateness of Khoua Song proceeding on behalf of Paul Doua Her.
IT IS SO ORDERED.

Dated:   **February 10, 2021**               /s/ *Barbara A. McAuliffe*            _
                                                               UNITED STATES MAGISTRATE JUDGE